UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN L. DAVIS,

        Plaintiff,                CIVIL ACTION NO. 17-cv-13402

   v.                              DISTRICT JUDGE TERRENCE G. BERG

JOHN DINGELL VA CENTER,      MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Herman L. Davis, proceeding *pro se*, commenced this action against Defendant John Dingell VA Center on April 26, 2017, in the 36th District Court in Wayne County, Michigan, alleging that Defendant improperly charged him for medical services. (Docket no. 1-1 at 1-2.) On August 21, 2017, the state court entered a default judgment in the amount of $680.00 against Defendant. (*Id*. at 6.) Defendant removed the case to this court on October 18, 2017. (Docket no. 1.)

Before the Court is Defendant's Motion to Set Aside Default Judgment and Motion to Dismiss Plaintiff's Complaint. (Docket no. 2.) Plaintiff has not responded to Defendant's Motion, and the time for response has passed; however, Plaintiff did decline to concur in the Motion. (Docket no. 2 at 2.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion to Set Aside Default Judgment and Motion to Dismiss Plaintiff's Complaint (docket no. 2) be **GRANTED** and that this matter be dismissed in its entirety without prejudice.

**II.     REPORT**

**A.     Background**

Plaintiff's Complaint is comprised of one handwritten paragraph, which is reproduced verbatim below:

> Approximately three years ago, I began receiving medical services at the Dingell VA Center. I was asked for my medical card, and I gave them my Medicare card. They were billing me for services, and months went by and I never saw anything being sent to Medicare. Over a year or two had gone by, when I finally found out the VA didn't take Medicare, and no one told me. They told me to file for a waiver, which I did, it was rejected, after months in determination. They have taken money from my Social Security check, and income tax refund.
> I expect the VA to return my money and I will get medical attention where they accept my Medicare card.

(Docket no. 1-1 at 2 (grammatical errors in original).) Plaintiff is suing for $600.00. (*Id*.)

As previously noted, Plaintiff filed the instant Complaint in the 36th District Court in Wayne County, Michigan, on April 26, 2017. (Docket no. 1-1 at 1-2.) Plaintiff then sent the Summons and Complaint via certified U.S. Mail to the following address: John Dingell VA Center, 4646 John Street, Detroit, Michigan 48201.[1] (*Id*. at 3-5.) A person by the name of Joe Frye signed for the envelope on May 17, 2017. (*Id*. at 5.) Defendant did not appear in the matter or file a responsive pleading within the time allowed, so the state court entered a default judgment against Defendant in the amount of $680.00[2] on August 21, 2017. (*Id*. at 6.) The United States Attorney's Office received a copy of the default judgment on September 19, 2017,

---

[1] Defendant's street address is actually 4646 John R Street. *See* https://www.detroit.va.gov/.
[2] The court awarded Plaintiff $600.00 in damages and $80.00 in costs related to the filing and service of the Complaint. (Docket no. 1-1 at 6.)

2

and Defendant removed the case to this court on October 18, 2017.  (Docket no. 2 at 10; docket no. 1.)  Defendant then filed the instant Motion to Set Aside Default Judgment and Motion to Dismiss Plaintiff's Complaint.  (Docket no. 2.)

### B. Governing Law

#### 1. Motion to Set Aside Default Judgment

Defendant moves to set aside the state-court default judgment pursuant to Federal Rules of Civil Procedure 55 and 60(b).  (Docket no. 2 at 1, 11, 12-18.)  Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b) provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  To set aside a default judgment, a court must find that one of the specific requirements of Rule 60(b) is met and balance the following three factors enumerated by the Sixth Circuit in *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983):  (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default (hereinafter "the *United Coin* factors").  *See Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 432-33 (6th Cir. 1996).

#### 2. Motion to Dismiss

Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Docket no. 2 at 1, 11-12, 18-21.)  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking

the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

### C. Analysis

#### 1. Motion to Set Aside Default Judgment

Defendant, having removed Plaintiff's case from the 36th District Court to this court, moves to set aside the default judgment entered by the state court. As an initial matter, the undersigned notes that this court has jurisdiction and authority to evaluate Defendant's Motion. This is because when a case is removed, "the federal court takes the case up where the State court left it off," *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 436 (1974) (citation omitted), and proceeds "as though everything done in the state court had in fact been done in the federal court," *Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955). Accordingly, "a judgment that is issued by a state court will be treated as if it had been rendered by a federal court, which authorizes the federal court to dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." *Howell v. State Farm Fire & Cas. Co.*, No. 12-14406, 2013 WL 12183415, at *1 (E.D. Mich. May 2, 2013) (internal citations and quotation marks omitted) (citing *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1252 (11th Cir. 1988); and *Zolman v. United States*, 170 F. Supp. 2d 746, 751 (W.D. Mich. 2001) ("It is clear that a judgment in a removed state-court

5

action is subject to being modified or set aside under the Federal Rules, just as if the judgment had been entered in the federal court.")).

Defendant asserts that the default judgment should be set aside under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(4) due to improper service of process. Rule 60(b)(4) provides that a judgment may be set aside when it is void. Fed. R. Civ. P. 60(b)(4). "If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citation omitted). "A judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (citation and internal quotation marks omitted). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir. 1976)). Therefore, if service of process was not proper, the default judgment is void, and the court must set it aside, without regard to the three *United Coin* factors. *Id.* at 353, 355; *Empire Servs., Inc. v. Kanza*, 996 F.2d 1214 (6th Cir. July 1, 1993) (unpublished table opinion). *See also Hooker v. Goldstein & Assocs., LLC*, No. 12-12232, 2013 WL 6163638, at *5 (E.D. Mich. Nov. 20, 2013) ("It is true that if service was improper, the default judgment is void and must be vacated pursuant to Fed.R.Civ.P. 60(b)(4).") (citations and internal quotation marks omitted); *United States v. Plesco*, No. 97-74042, 2012 WL 1867442, at *4 (E.D. Mich. May 4, 2012), *report and recommendation adopted*, No. 97-74042, 2012 WL 1867371 (E.D. Mich. May 22, 2012) (collecting multiple Sixth Circuit and United States District Court cases holding the same).

Because Plaintiff attempted to serve Defendant prior to removal, the propriety of service of process is evaluated under Michigan rules for service of process, rather than under the Federal Rules of Civil Procedure. *Soloway v. Huntington Nat'l Bank*, No. 1:12-cv-507, 2013 WL 12122008, at *3 (W.D. Mich. June 5, 2013) (citing 4A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 1082 (3d ed. Westlaw Updated through April 2013) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made.")). Michigan Court Rule 2.105 defines the proper manner of service of process in Michigan. The Rule does not explicitly set forth a method for effectuating service upon a federal agency,[3] but it does provide instructions for service on "public corporations." Mich. Ct. R. 2.105(G). Specifically, the Rule provides that "[s]ervice of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint" on various persons irrelevant here, such as the mayor of a city, the president of a school district, or "the president, the chairperson, the secretary, the manager, or the clerk of any other public body organized or existing under the constitution or laws of Michigan." *Id*. It also provides for service of process on "an officer having substantially the same duties as those named or described above, irrespective of title" by "serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." *Id*.

Here, Plaintiff sent a copy of the Summons and Complaint to Defendant via certified U.S. Mail to the following address: John Dingell VA Center, 4646 John Street, Detroit, Michigan 48201. (Docket no. 1-1 at 3-5.) A person by the name of Joe Frye signed for the envelope on

---

[3] Defendant is an entity within the United States Department of Veterans Affairs. (*See* docket no. 2 at 14 n.1.)

7

May 17, 2017. (*Id*. at 5.) Defendant explains that "Mr. Frye is a Motor Vehicle Operator, *i.e.*, a driver, at the VA Hospital, who is tasked with picking up the mail." (Docket no. 2 at 14.) And Defendant argues that Plaintiff's attempt at service was improper under Michigan law. (*Id*. at 14-15.) Specifically, Defendant asserts that the United States government officer "having substantially the same duties" as the persons listed in Michigan Court Rule 2.105(G) is the Secretary of the Department of Veterans Affairs. (*Id*.) Defendant further asserts that "[s]ervice on a line employee, or to a facility generally, does not constitute service on the Secretary of the Department of Veterans Affairs." (*Id*. at 15.) Indeed, Plaintiff's attempt to serve Defendant by sending the Summons and Complaint to Defendant's local street address, without any further direction to the Secretary of the Department of Veterans Affairs, does not comport with Michigan's rules for service of process, Mich. Ct. R. 2.105, and it was therefore improper. Accordingly, the state-court default judgment is void, and it must be set aside pursuant to Federal Rule of Civil Procedure 60(b)(4).

Because relief from the default judgment is warranted under Rule 60(b)(4), the court will only briefly analyze the propriety of Defendant's motion for relief under Rule 60(b)(1) and the *United Coin* factors. Rule 60(b)(1) permits relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The federal courts have applied Rule 60(b)(1) liberally to set aside default judgments, where the defendant moves for relief promptly, showing that the default was not willful, that defendant has a meritorious defense, and that the opposing party will not be prejudiced." *Zolman*, 170 F. Supp. 2d at 751-52 (citation omitted).

Defendant professes that it did not have knowledge of Plaintiff's lawsuit until the United States Attorney's Office received a copy of the default judgment on September 19, 2017. (Docket no. 2 at 10, 15.) And once Defendant became aware of the default judgment, it acted

promptly, by removing the state-court action to this court and filing the instant Motion. Moreover, Plaintiff has failed to demonstrate how he would be prejudiced if the default judgment were to be set aside. "It is true that [Plaintiff] will suffer some delay in his recovery if a trial on the merits is held, but 'delay alone is not a sufficient basis for establishing prejudice.'" *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir.), *cert. denied,* 484 U.S. 927 (1987)). "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* Plaintiff has not done so here. Notably, Plaintiff has not responded to Defendant's removal of the action to this court or to Defendant's instant Motion. Further, Defendant has advanced a meritorious defense, as further discussed below. Accordingly, relief from the default judgment is also warranted under Rule 60(b)(1). Defendant's Motion to Set Aside Default Judgment should therefore be granted.

    2. *Motion to Dismiss*

      a. <u>Lack of Subject Matter Jurisdiction</u>

Defendant asserts that the court should dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction because Plaintiff has failed to plead a waiver of sovereign immunity. (Docket no. 2 at 18-19.) It is axiomatic that the United States enjoys sovereign immunity from suit unless Congress has explicitly waived its immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver. The terms of consent to be sued may not be inferred, but must be unequivocally expressed." *United States v. White Mountain*

*Apache Tribe*, 537 U.S. 465, 472 (2003) (internal quotation marks and citations omitted). *See also McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996) (holding that "[t]he United States, as a sovereign, cannot be sued for damages without its prior consent, and the terms of its consent define the court's subject matter jurisdiction."). Without a waiver, a federal court lacks the authority to hear a case because it lacks subject matter jurisdiction. *See Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 987 (6th Cir. 2009) (citations omitted).

Plaintiff bears the burden to "identify a waiver of sovereign immunity in order to proceed." *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007) (quoting *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). "If [Plaintiff] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz*, 224 F.3d at 795. Defendant argues that Plaintiff's complaint for money damages "does not plead any waiver of sovereign immunity related to tort, constitutional, or contract claims." (Docket no. 2 at 19.) Defendant is correct; Plaintiff's complaint is devoid of any mention of a waiver of sovereign immunity. Defendant also points out that "[a]part from specific statutory exceptions not cited by the complaint, the United States has not waived immunity from suit for monetary damages." (*Id.*) Moreover, the Court is aware of no such waiver for claims arising out of Plaintiff's allegations. Therefore, the Court recommends dismissing Plaintiff's claims against Defendant under the doctrine of sovereign immunity.

          b.     <u>Failure to State a Claim</u>

Defendant asserts that Plaintiff's Complaint is also subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Docket no. 2 at 19-21.) "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.

2011) (citation omitted).  Even so, the Court agrees with Defendant; Plaintiff's Complaint does not provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

Defendant argues that the nature of Plaintiff's claim is unclear because Plaintiff's Complaint appears to seek damages for costs allegedly billed to Plaintiff's Medicare account by Defendant, but Defendant does not bill Medicare for its services.  (Docket no. 2 at 20.)  However, the Court construes Plaintiff's Complaint differently.  To the Court, it appears that Plaintiff seeks damages against Defendant because Defendant billed Plaintiff for its services instead of billing Medicare, which ultimately resulted in garnishments from Plaintiff's Social Security check and income tax refund.

The fact that Plaintiff's Complaint is not easily construed demonstrates the vague nature of its allegations and confirms that it does not meet the basic pleading standard of providing Defendant with fair notice of what the claim is.  Moreover, the Complaint does not advance a legal basis for Plaintiff's claim or for the relief Plaintiff seeks.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and it should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### D. Conclusion

For the above-stated reasons, the court should **GRANT** Defendant's Motion to Set Aside Default Judgment and Motion to Dismiss Plaintiff's Complaint (docket no. 2) and dismiss this matter in its entirety without prejudice.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 12, 2018			s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Herman L. Davis and counsel of record on this date.

Dated: June 12, 2018			s/ Leanne Hosking
					Case Manager